UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Mack Industries, Ltd., et al., | ) | |
| | ) | No. 17 B 09308 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Ronald R. Peterson, as chapter 7 trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19 A 00254 |
| | ) | |
| Timothy Urquhart, Russet Way Country Club Hills, LLC, and 154th South Holland, LLC. | ) | |
| | ) | |
| Defendants. | ) | Judge Carol A. Doyle |

**Memorandum Opinion**

Ronald Peterson filed this adversary proceeding as the chapter 7 trustee of two debtors, Mack Industries Ltd. ("Mack") and Oak Park Avenue Realty, Ltd. ("Oak Park"), against Timothy Urquhart and Russet Way Country Club Hills, LLC ("Russet Way"). He sought to recover alleged preferential and fraudulent transfers made by the two debtors to Urquhart and Russet Way. The trustee then filed an amended complaint. Among other things, it added 154th Street South Holland, LLC ("South Holland") as a defendant and sought to recover completely different transfers. South Holland moved to dismiss the amended complaint against it on the

1

basis that it was filed after the statute of limitations expired and it does not relate back to the filing of the original complaint.  The motion will be granted.

I.   Background

After the trustee filed his original complaint against Urquhart and Russet Way, the court granted a motion to dismiss a similar adversary proceeding in *Peterson v. McClean (In re Mack Industries, Ltd.)*, No. 19-ap-00433, 2019 Bankr. LEXIS 3603 (Bankr. N.D. Ill. Nov. 20, 2019).  The original complaint in this case was very similar to the complaint in *McClean*.  It alleged virtually nothing about the two defendants or their relationship with the debtors or any related entities.  The trustee attached an Exhibit 1 that listed nine transfers over a four month period in 2017 totaling $13,482 that he sought to avoid but it failed to identify even the transferor or the transferee of the transfers.  The defendants moved to dismiss.  After the *McClean* opinion was issued, the trustee consented to dismissal and he was granted leave to amend.  In February 2020, the trustee filed an amended complaint.  It eliminated Oak Park as a debtor on whose behalf the trustee filed the case, added South Holland as a defendant, consolidated the fraudulent transfer claims into two counts, eliminated the preference claim, eliminated all the transfers in the original Exhibit 1, and added 42 completely different transfers to Exhibit 1.

According to the amended complaint, Timothy Urquhart is an individual who purchased two properties from Mack Investments I, LLC, an entity related to Mack.  Urquhart then created Russet Way and South Holland to each hold title to one property.  He then entered into an agreement with Mack Property Group Ltd. ("Property Group"), another affiliate of the debtors, to manage the two properties.  Property Group dissolved at the end of 2012, Oak Park was

created at the beginning of 2013, and Oak Park took over the management contracts with Urquhart for the two properties. The transfers at issue were made to Urquhart individually in connection with the management agreements. Amended Complaint ¶¶ 10 - 24, Exhibit 1. The original complaint sought to recover nine transfers made between January 31, 2017 and May 31, 2017[1] totaling $13,482. The amended complaint seeks to recover 42 different transfers made to Urquhart between November 20, 2013 and January 13, 2017 totaling $67,659. Regarding the two LLCs, the amended complaint states only that the transfers were made to Urquhart (individually) "while Urquhart and his holding companies benefitted from each transfer." Exhibit 1 provides some information about each of the 42 new transfers the trustee seeks to recover, including who made the transfer (Mack), who received the transfer (Urquhart), the amount, the date, and a column headed "why" that identifies either Russet Way or South Holland.

      South Holland moved to dismiss the amended complaint against it. It contends that the new claims against it are barred by the two-year statute of limitations in 11 U.S.C. § 546(a) and that the amended complaint does not relate back to the date of filing of the original complaint under Rule 15(c) of the Federal Rules of Civil Procedure (applicable to this adversary proceeding via Rule 7015 of the Federal Rules of Bankruptcy Procedure). The trustee concedes that the amended complaint was filed after the statute of limitations expired. He contends, however, that the amended complaint relates back to the filing of the original complaint so it is not barred by the statute of limitations.

---

[1] These months were in the 90-day preference period for Mack or Oak Park, whose petitions were filed on March 24, 2017 and May 31, 2017, respectively.

II.      Relation back

Rule 15(c)(1) governs relation back of amended pleadings. Under Rule 15(c)(1)(C), an amended complaint that adds a new party relates back to the original complaint if three requirements are met: (1) Rule 15(c)(1)(B) is satisfied, and, during the period provided by Rule 4(m) for serving the summons and complaint: (2) the new party "received such notice of the action that it will not be prejudiced in defending on the merits," and (3) the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the property party's identity." Fed. Rule Civ. P. 15(c)(1)(C); *Design Basics, LLC v. MC Home Builders, LLC*, No. 16-cv-0429, 2017 WL 5197495, *2 ( E.D. Wis. Sept. 21, 2017); *E.I. duPont de Nemours & Co. v. Phillips Petroleum Co.*, 621 F. Supp. 310, 313–14 (D. Del. 1985). Rule 15(c)(1)(B) provides that an amended pleading relates back when it "asserts a claim that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

Here, the trustee satisfies the second element regarding notice within the Rule 4(m) period but he cannot satisfy the third element - that South Holland knew or should have known that the action would have been brought against it but for a mistake concerning the proper party's identity. The new claims against South Holland, therefore, do not relate back to the original complaint and are barred by the statute of limitations.

A.      Notice to South Holland

The trustee satisfies the second element of relation back regarding notice to South Holland. Urquhart was served with the amended complaint within 90 days after it was filed. He

4

solely owns South Holland, an entity that exists only to own the property at 709 E. 154th Street in South Holland that Urquhart purchased from Mack Investments I. Various courts have determined that the notice requirement in Rule 15(c)(1)(C)(i) can be satisfied when there is a sufficient identity of interest between a party served with the original complaint and the new defendant. *Peltz v. CTC Direct, Inc. (In re MBC Greenhouse, Co.)*, 307 B.R. 787, 793-94 (Bankr. D. Del. 2004) (concluding that the notice requirement in Rule 15(c)(1)(C)(i) can be satisfied if the new defendant has an "identity of interest" with an original defendant, including a parent-subsidiary relationship); *E.I. duPont*, 621 F. Supp. at 313-14 (finding that the identity of interest test was met when the additional defendant was a wholly owned subsidiary whose parent had actual notice). South Holland is a separately incorporated entity but Urquhart obviously controls it and has a sufficient identity of interest with it that service on him may fairly be deemed notice to South Holland for purposes of Rule 15(c)(1)(C)(i).

B. Same Conduct, Transaction, or Occurence

South Holland argues that the new transactions alleged in the amended complaint do not arise from the same conduct, transaction, or occurrence for purposes of Rule 15(c)(1)(B) because South Holland is a "separate and distinct legal entity" from the defendants named in the original complaint. It did not cite any authority or flesh out this argument in its motion. In his response, the trustee noted that South Holland cited no authority for its argument but he, too, failed to cite authority for his argument that the new transactions do arise from the same conduct, transaction or occurrence.

There is a large body of sometimes conflicting case law, discussed in *Peterson v.*

*Chakanava* (*In re Mack Industries, Ltd.*), No. 19-ap-00202 (Bankr. N.D. Ill. January 19, 2021), on the question of whether newly alleged transactions arise from the same conduct, transaction or occurrence in fraudulent transfer and preference cases. Neither party discussed that case law in a meaningful way.[2] The court need not decide this inadequately briefed issue because the trustee cannot establish the final element required for relation back, as discussed below.

    C.    <u>What South Holland Knew or Should Have Known</u>:

The trustee cannot satisfy the key inquiry for relation back when an amendment adds a new party after the statute of limitations has expired. Rule 15(c)(1)(C)(ii) requires that the new defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Here, South Holland would not have reasonably understood from the original complaint that it would have been sued by the trustee but for a "mistake concerning the proper party's identity."

The seminal case on this issue, *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010), gives the classic example of a new defendant who should have known it would have been sued but for a mistake by the plaintiff concerning the proper party's identity. In *Krupski*, the plaintiff was a passenger who was injured on a cruise ship. Her ticket identified the carrier as Costa Crociere S.p.A., an Italian corporation, and identified a series of requirements for obtaining damages for an injury suffered on board one of its ships. Instead of suing that entity, the plaintiff timely sued Costa Cruise Lines, a separate entity. Five months later, realizing her error, she

---

[2] South Holland discussed a few cases on this topic in its reply but the trustee had no opportunity to respond.

moved to amend her complaint to add Costa Crociere. The Supreme Court held that the determinative question under Rule 15(c)(1)(C)(ii) is "whether [the proper defendant,] Costa Crociere knew or should have known that it would have been named as a defendant but for an error." *Id*. at 548. The Court explained that the purpose of relation back is to "balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Id*. at 550. It noted that "[a] prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose. But repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period *only because the plaintiff misunderstood a crucial fact about his identity*." *Id*. (italics added).

The *Krupski* Court determined that it was clear from the complaint that the plaintiff meant to sue the company that "owned, operated, managed, supervised and controlled" the ship on which she was injured and that she had mistakenly identified Costa Cruise as that company. The Court found that Costa Crociere should have known that it was not named as a defendant only because of Krupski's misunderstanding about which "Costa" entity was in charge of the ship – clearly a "mistake concerning the proper party's identity." *Id*. at 549. The Court recognized that a plaintiff who knew the identity and potential liability of a party and chose not to sue it could not satisfy the "mistaken party" element of Rule 15(c), saying this would be "the antithesis of making a mistake concerning the proper party's identity." *Id*. But it also stated that mere knowledge of both parties does not eliminate the possibility that the plaintiff made a mistake about the identity of the proper party to sue. "That kind of deliberate but mistaken

7

choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied." *Id*. It concluded that the allegations in the original complaint made it clear that the plaintiff made a mistake about which of two parties should be sued, even though she was aware of both parties when she filed the complaint.

The Seventh Circuit has recognized that *Krupski* altered the standard for relation back and that its previous decisions that focused on what a plaintiff knew or should have known before the limitations period expired no longer applied. *Joseph v. Elan Motorsports Tech. Racing Corp.*, 638 F.3d 555 (7th Cir. 2011). *Elan Motorsports* and *Krupski* were similar in that it should have been obvious to the original defendant and the new defendant in both cases, who were related entities with similar names, that the plaintiff mistakenly sued the wrong entity. The plaintiff in *Elan Motorsports* alleged breach of his employment contract with Elan Inc. but he sued the related Elan Corp. The court determined that the new defendant, Elan Inc., knew when its employee read the complaint that the plaintiff meant to sue Elan Inc. rather than Elan Corp. The complaint made it clear the plaintiff "meant to sue the party to the employment contract with him and Elan Inc. was that party." *Id*. at 560. At that point, Elan Inc. "knew that had it not been for the plaintiff's error, to which the confusing similarity of corporate names doubtless contributed, Elan Inc. would have been named as the defendant." *Id*. The court recognized that "a potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose – unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were." *Id*. (quoting *Randall-Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997)). The court concluded that the new defendant should have known that there had been such a "slip of the pen" so the amended complaint related back.

The trustee argues that South Holland should have known that it would have been named in the original complaint but for a "mistake." He fails to say, however, what that mistake was or how he "misunderstood a crucial fact" about South Holland's identity. *Krupski*, 560 U.S. at 550. He also fails to identify a single allegation in the original complaint that should have led South Holland to understand that, but for a "mistake concerning the proper party's identity," it would have been named as a defendant.[3] This is not surprising in light of the bare-bones allegations in the original complaint.

The complaint here, like the complaint in *McClean*, is almost devoid of specific factual allegations to support the claims against either named defendant. *McLean*, 2019 Bankr. LEXIS 3603. It says virtually nothing about the defendants, their relationship to the debtors, or the basis for liability of each defendant. *See Peterson v. Citibank, N.A. (In re Mack Industries, Ltd.)*, No. 19-ap-00562, at *12 (Bankr. N.D. Ill. Dec. 15, 2020); *Peterson v. Capital One, N.A.* (*In re Mack Industries, Ltd.*), 19-ap-00372, 2020 WL 6708874, *10 (Bankr. N.D. Ill. Nov. 16, 2020) (the trustee must plead specific facts supporting the claims against each defendant; it is insufficient to lump the defendants together in a defined term at the beginning of the complaint). The first, unnumbered paragraph of the complaint states that the action is filed on behalf of two debtors, Mack and Oak Park. It then defines them collectively as "Debtors" and does not distinguish between them anywhere else in the complaint. In the same paragraph, the trustee identifies the defendants as Timothy Urquhart and Russet Way, whom he defines collectively as "Urquhart." After that, the trustee never specifies which debtor made any transfer identified in Exhibit 1 or

---

[3] The trustee states that "the amended complaint, like the original complaint, seeks to avoid all transfers made by Mack to or for the benefit to Urquhart . . . ." He then cites only paragraphs in the amended complaint, not the original complaint. Trustee Response, p. 8.

9

which defendant received any such transfer. He fails to allege any facts regarding the defendants, their relationship with each other or the "Debtors," or the reasons for the transfers. The complaint simply parrots the statutory language and attaches an exhibit listing nine transfers in a four month period in 2017 identified only by date and amount. It also fails to allege facts regarding the individual basis for liability of either named defendant. It never states how the trustee could recover a transfer from both the individual (Urquhart) who was the actual transferee and a separate LLC. Nothing in this original complaint, which identified nine transfers to Urquhart or Russet Way in a 4 month period between Jan 31, 2017 and May 31, 2017, would lead South Holland to understand that it would have been sued by the trustee for 42 completely different transfers to Urquhart between November 20, 2013 through January 13, 2017 totaling five times the amount originally sought but for the trustee's "mistake concerning the proper party's identity." *See MBC Greenhouse*, 307 B.R. at 793-94 (court permitted relation back for new defendants with an identify of interest with original defendant but only for transactions specifically alleged in the original complaint, not for transactions added in the amended complaint after the statute of limitations expired).

This case is not like *Krupski* or *Elan*, in which the plaintiff simply mistakenly named the wrong party, *i.e.*, he meant to sue Company B but by some mistake sued Company A. The amended complaint alleges that Urquhart purchased two properties, each of which he transferred to a separate LLC. Urquhart then individually entered into a separate management contract with the predecessor to debtor Oak Park for each property. Amended Complaint ¶¶ 13 - 24. Exhibit 1 to the amended complaint shows that Mack made separate transfers to Urquhart individually for each of the two properties, presumably in compliance with the separate management agreements.

10

Thus, the trustee cannot (and does not) claim that he named the wrong defendant by misidentifying the entity that received the transfers. He obviously intended to sue Urquhart as the transferee of all the transfers and therefore the proper party for a fraudulent transfer claim under § 548 of the Bankruptcy Court and the Illinois Uniform Fraudulent Transfer Act. He also obviously intended to sue Russet Way for the transfers as somehow benefitting from the transfer to Urquhart, though he has not alleged a specific legal basis for recovering a transfer made to Urquhart from Russet Way. So the trustee is not seeking merely to substitute South Holland for either Uquhart or Russet Way because he made a mistake about the proper party's identity and meant to sue South Holland instead. Indeed, the trustee has not even argued that he failed to sue South Holland "only because [he] misunderstood a crucial fact about [the new defendant's] identity," *Krupski,* 560 U.S. at 550 - the kind of mistake "concerning the proper party's identity" that potentially can be fixed under *Krupski* and *Elan Motorsports*.

This case is closer to *Picard v. Madoff (In re Bernard Madoff Inv. Sec. LLC)*, 468 B.R. 620 (Bankr. S.D.N.Y. 2012), in which the court denied a trustee's motion to amend to add defendants to his fraudulent transfer complaint. In *Madoff*, the court found that "it was not unreasonable for the [new defendants] to believe that their omission from the original complaint was not a mistake but rather the result of a fully informed decision . . . ." The court noted that the trustee was a sophisticated party who was in possession of relevant documents for a significant period of time. Therefore, it did "not appear to be a case where plaintiff intended to sue party A but sued party B due to mistaken identity." *Id*. at 629 (citing *Krupski*, 130 S. Ct. at 2490-92). Neither did it appear to be "a case where the Trustee knew that party A exists while incorrectly believing him to have the status of party B, or one in which he misunderstood the

11

roles of party A and party B." *Id*. (citing *Krupski* at 2494). The new defendants in Madoff were entitled to assume that the trustee made a fully informed strategic decision rather than a mistake. Similarly, here, the trustee did not mistakenly name one party when the correct party was someone else. He simply did not sue one LLC that owned real properties managed by Oak Park.[4] After South Holland was not sued within the limitations period, it was "entitled to repose" since it was not "apparent" that it was "the beneficiary of a mere slip of the pen." *Elan Motorsports*, 638 F.3d at 560.

The trustee filed this adversary proceeding (along with more than 400 other cookie cutter complaints) a few days before the statute of limitations expired with a complaint that contained almost no specific facts about the defendants, their course of dealings with the debtors, or the basis for their liability. That grossly inadequate pleading did not provide notice to South Holland that the trustee would attempt to recover 42 transfers not identified in the original complaint that were made to another party during a different time frame. The trustee cannot meet the requirement in Rule 15(c)(1)(C)(ii) that South Holland knew or should have known that, but for a mistake concerning the proper party's identity, the trustee would have named it as a defendant in the original complaint. The amended complaint therefore does not relate back to the original complaint. The claims against South Holland are barred by the statute of limitations and will be dismissed.

---

[4] It is not clear why the trustee is attempting to add South Holland after the statute of limitations expired when he already sued the transferee (Urquhart) - the proper defendant in a fraudulent transfer action - for all the newly alleged transfers. *See Marwil v. Oncale, et al. (In re Life Fund5.1 LLC)*, No. 10-ap-42, 2010 WL 2650024 at *4-5 (Bankr. N.D. Ill. June 30, 2010) (explaining the difference between liability of a transferee and an entity for whose benefit a transfer was made).

III.      <u>Resolving Relation Back on a Motion to Dismiss</u>

The trustee also argues that the motion must be denied because the statute of limitations is an affirmative defense that should not be resolved on a motion to dismiss. He contends that what South Holland knew or should have know "is not clear from the face of the amended complaint." Trustee's Response, p. 2. This statement does not frame the issue correctly. As discussed above, the court must determine what South Holland knew or reasonably should have known from the original complaint. This issue can be, and in fact usually is, decided on a motion to dismiss in fraudulent transfer and preferential transfer cases.

The trustee correctly states that various courts have concluded that a limitations defense could not be decided on a motion to dismiss when it raised factual issues that could not be resolved based on the allegations in the complaint. As the Seventh Circuit has stated, "a limitations defense is not often resolved on a Rule 12(b)(6) motion because a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations. But dismissal at this early stage is appropriate when the complaint alleges facts sufficient to establish that the suit is indeed tardy." *Amin Ijbara Equity Corporation v. Village of Oak Lawn*, 860 F.3d 489, 492 (7th Cir. 2017); *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009). These cases do not preclude a determination regarding relation back on a motion to dismiss in this case.

While South Holland's motion to dismiss raises a statute of limitations issue, the trustee concedes that the suit is barred under the relevant statute unless the amended complaint relates back to the original complaint. There is no dispute that the two-year period in § 546(a) began to run on March 24, 2017 (the petition date) and that it expired two years later on March 24, 2019.

13

The question before the court is not how the statute of limitations applies to the amended complaint, it is how the rule regarding relation back applies to it. The inquiry for relation back under Rule 15(c)(1)(C)(i) is completely separate from how the statute of limitations applies. It requires analysis of the three elements described above, which are often decided on a motion to dismiss or a motion to amend a complaint when the defendant argues the amendment is futile because it is barred by the statute of limitations.

Indeed, *Krupski*, the seminal case on relation back when a new party is added after the limitations period expired, was decided on a motion to dismiss. The Court stated that "the question under Rule 15(c)(1)(C)(ii) is what the prospective defendant *reasonably should have understood* about the plaintiff's intent in filing the original complaint against the first defendant." *Krupski*, 560 U.S. at 553-54 (italics added). It explained that, "[b]ecause *the complaint made it clear* that Krupski meant to sue the company that 'owned, operated, managed, supervised and controlled' the ship on which she was injured, . . . and also indicated (mistakenly) that Costa Cruise performed those roles, . . . Costa Crociere should have known within the Rule 4(m) period, that it was not named as a defendant in that complaint only because of Krupski's misunderstanding about which 'Costa' entity was in charge of the ship - clearly a 'mistake concerning the proper party's identity.'" 560 U.S. at 554-55 (italics added). Thus, the Court determined from the allegations in the original complaint that the new defendant reasonably should have known it would have been sued but for the plaintiff's mistake concerning the proper party's identity.

Rule 15(c)(1)(C)(ii) imposes a "reasonable person" standard, not a subjective test for what the defendant actually knew or understood. There is no need to consider evidence of a

14

defendant's subjective knowledge or understanding. Courts in fraudulent transfer and preference actions typically determine what a defendant knew or reasonably should have known on a motion dismiss by examining the allegations in the original complaint. *O'Chesky v. CitiGroup Global Markets, Inc. (In re American Housing Found.*), 543 B.R. 245, 261 (Bankr. N.D. Tex. 2015) ("There is no need to look beyond the pleading or into the minds of the parties."); *Official Comm. Of Unsecured Creditors v. Pirelli Comm. Cables and Sys. USA LLC (In re 360networks (USA), Inc.*), 367 B.R. 428, 433 (Bankr. S.D.N.Y. 2007) ("Courts will not consider the subjective state of mind of what one party was thinking when it filed its original complaint, but will instead objectively consider whether the original complaint put the other party on notice as to the cause of action begin asserted against it."); *Madoff*, 468 B.R. at 627 (quoting *Esmilla v. Cosmopolitan Club*, No. 09-cv-10169, 2011 WL 814007, at * 3 (S.D.N.Y. March 3, 2011)) (The "requisite knowledge" under *Krupski* is typically established by the movant's demonstrating that there were allegations in the original complaint "respecting a named party that, in fact, concern the originally unnamed party plaintiff seeks to add..").[5]

The trustee argues that he has not pled facts that demonstrate what South Holland knew or reasonably should have known so he has not pled himself out of court based on the statute of limitations defense. This is not correct for two reasons. First, the amended complaint itself establishes the limitations defense by adding new claims against a new defendant more than two years after the petition date. The only two facts that matter for the statute of limitations in § 546(a) - when the petition was filed and when the complaint was filed - are ascertained from the

---

[5]Indeed, almost all of the cases cited in *Chakanava* were decided on a motion to dismiss or a motion to amend.

15

amended complaint itself and the date of its filing. Second, the court can indeed determine what South Holland reasonably understood from the allegations in the original complaint because that complaint is the only notice given to South Holland before the limitations period expired that could form the basis for South Holland's knowledge during the Rule 4(m) period.[6] The trustee has failed to identify anything other than the original complaint that could possibly be relevant to what South Holland should have understood during the Rule 4(m) period about a "mistake concerning the proper party's identity." This issue may therefore be determined on a motion to dismiss by examining the allegations of the original complaint.

The trustee cites several cases to support his argument that relation back should not be decided on a motion to dismiss. None is relevant here. *McKee v. Brady*, No. 88-cv-20035, 1990 WL 304242 at *8 - 12 (N.D. Ill. May 14, 1990), involved a dispute regarding when the statute of limitations began to run, which depended on when the plaintiff knew or reasonably should have known both that he suffered an injury and that it was wrongfully caused. The court concluded that those issues could not be determined from the allegations of the complaint. It therefore did not address the relation back issue. *McKee*, 1990 WL 304242 at *8 - 12. The other cases cited by the trustee involved plaintiffs asserting claims against unknown corrections officers or police officers who were not identified by name in the original complaint. The courts concluded that they could not determine what the newly added defendants knew about the original complaint during the Rule 4(m) period from the record before them on a motion to dismiss. *Herrera v.*

---

[6] Rule 15(c)(1)(C) requires that the new defendant must have reasonably known it would have been sued but for a mistake concerning the proper party's identity "within the period provided in Rule 4(m) for serving the summons and complaint." Fed. R. Civ. P. 15(c)(1)(C). Thus, any knowledge or understanding of the new defendant must have been acquired in the 90 days following the filing of the complaint.

16

*Cleveland*, No. 18-cv-6846, 2020 U.S. Dist. LEXIS 56937 at * 6 (N.D. Ill. April 1, 2020) (court could not determine what the newly added correctional officers, previously named only as John Does, knew about plaintiff's lawsuit before they were added); *Hawks v. Gade*, No. 16-cv-4944, 2018 WL 2193197, *4-5 (N.D. Ill. May 14, 2018) (court could not determine whether claims against unnamed police officers related back on motion to dismiss when new defendants argued they did not learn of the lawsuit before the limitations period expired); *Brainer v. Dart*, No. 16-cv-6013, 2018 WL 1519154, at *5 (N.D. Ill. Mar. 28, 2018) (same).

In these cases, the courts had no way of knowing from the allegations in the original complaint or the amended complaint whether the new defendants had notice of the original complaint during the Rule 4(m) period. Here, the court has concluded that service on Urquhart satisfies the requirement under Rule 15(c)(1)(C) that South Holland receive notice during the Rule 4(m) period. There is no need to consider information outside the complaint to determine what South Holland knew or reasonably should have known during the 4(m) period.

The allegations in the original complaint and the amended complaint establish that the statute of limitations expired before the amended complaint was filed and that it does not relate back to the filing of the original complaint. The issues presented can therefore be decided on a motion to dismiss.

IV. Conclusion

The trustee's new claims against South Holland do not relate back to the filing of the original complaint. They are therefore barred by the statue of limitations. South Holland's motion to dismiss will be granted.

Dated: January 19, 2021

ENTERED:

_____
Carol A. Doyle
United States Bankruptcy Judge